**STRASSER & ASSOCIATES, P.C.**
7 East Ridgewood Avenue
Paramus, New Jersey 07652
201-445-9001
Attorneys for Plaintiff, RSA Enterprises, A
New Jersey For Profit Corporation and Raffi
Arslanian, Individually.

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 APR 23  A II: 35

| | |
|---|---|
| RSA Enterprises, A New Jersey For Profit Corporation and Raffi Arslanian, Individually<br><br>Plaintiff,<br><br>vs.<br><br>Rip-Off Report.Com, and Google.Com<br><br>Defendant. | UNITED STATES DISTRICT COURT<br><br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.: 07-1882 (HAA)<br><br>COMPLAINT |

## JURISDICTION AND VENUE

This court has jurisdiction of this action under 28 U.S.C. § 1332. There is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

Venue is proper in this District under 28 U.S.C. § 1391(a).

## FACTS COMMON TO ALL COUNTS

1. Plaintiff, Raffi Sarkis Arslanian Enterprises, Inc. (hereinafter "RSA" or "Plaintiff") is a building contractor in the business of constructing and remodeling residential and commercial properties.

2. Defendant, Bad Business Bureau.Com is an internet website with a principle place of business as Tempe, Arizona.

3. Defendant, Google.Com is a widely recognized Internet search engine with a principle place of business in Mountainview, California.

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

4. Plaintiff caused to be constructed a development of residential property in Wantage, Hardystown and Sparta New Jersey.

5. Some of the customers of Plaintiff were not satisfied that the work performed by Plaintiff and caused suit to be filed, which was settled by insurance proceeds.

6. As a result of the dissatisfaction of some of the customers on January 10, 2006 a woman named "Hiedi" from Hardystown, New Jersey wrote a defamatory and libelous statement based on her alleged experience with Plaintiff. This written statement contained inflammatory allegations against the Plaintiff, which were written merely to defame Plaintiff and cause him economic disadvantage. (Attached Hereto as Exhibit A).

7. On or about January 10, 2003, Defendant Bad Business Bureau caused to be added to its website the said defamatory and libelous article regarding Plaintiff, RSA Enterprises, Inc. and Mr. Raffi Arslanian individually. This article remains as content of the website to date. The article caption in pertinent part reads, **"RSA Homes, Raffi Arslanian, Ripoff Builder Abuse in Hardystown"** (Emphasis Added).

8. On or about January 10, 2003, Defendant, Google, caused to be added to its directory the web page that contained the said article and it is widely able to be read by millions of internet users. This article remains as content of the website to date. (Attached Hereto as Exhibit B).

9. On January 31, 2007 Plaintiff, via certified mail requested that Defendant, Bad Business Bureau remove the article dated January 10, 2003. The article has not

STRASSER & ASSOCIATES
A PROFESSIONAL CORPORATION

      been removed to date and counsel for the Plaintiff has received the letter returned unopened marked "unclaimed". (Attached Hereto as Exhibit C).

10.    On or about February 1, 2007 Plaintiff was at a meeting with his banker in an attempt to secure funding for a new project and the bank representative showed Plaintiff the article in question and this thoroughly embarrassed Plaintiff and interfered with his ability to secure funding for a new project. This event has been repeated, upon information and belief two or more times with other lending institutions.

11.    On February 15, 2007 counsel for the Plaintiff via certified mail requested that Defendant, Google remove the article dated January 10, 2003 from its file inventory. The article has not been removed to date and counsel for the Plaintiff has not received a response regarding the said issue. Attached hereto as Exhibit D).

## COUNT ONE

### BUSINESS INFORMATION MISREPRESENTED

12.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-11 as though more fully set forth at length herein.

13.    On or about January 10, 2003 Defendants caused to be added to their website a defamatory article regarding Plaintiff and his construction of residential homes in Northern New Jersey. (See Exhibit A attached hereto.)

14.    Defendants negligently provided false information on their websites.

15.    There were potentially millions of reasonably foreseeable recipients.

16. Defendants caused the said article to be added regarding Plaintiffs proper business purpose.

17. Plaintiff has suffered damages as a result of Defendants misrepresentation of business information.

**WHEREFORE**, Plaintiff, Raffi Sarkis Arslanian Enterprises, Inc., and Raffi Sarkis Arslanian, Individually, demands judgment against the Defendants, Bad Business Bureau and Google, jointly and severally, as follows:

(a) Compensatory damages;

(b) Punitive damages;

(c) Attorney's fees;

(d) Removal of the article from both websites;

(e) Restraints from further publication of material on the website;

(f) Cost of suit; and

(g) Such other relief as the Court may deem proper and just under circumstances.

## COUNT TWO

### BUSINESS INJURED BY ANOTHER'S FALSE DESCRIPTION

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-17 as though more fully set forth at length herein.

19. The Defendants caused to be published on their websites disparaging general assertions concerning the Plaintiff's business with the intent to hinder that business.

**WHEREFORE**, Plaintiff, Raffi Sarkis Arslanian Enterprises, Inc., and Raffi Sarkis Arslanian, Individually, demands judgment against the Defendants, Bad Business Bureau and Google, jointly and severally, as follows:

(a) Compensatory damages;

(b) Punitive damages;

(c) Attorney's fees;

(d) Cost of suit;

(e) Restraints from further publication on the websites;

(f) Removal of the article from both websites; and

(g) Such other relief as the Court may deem proper and just under circumstances.

## COUNT THREE

## DEFAMATORY INJURY TO REPUTATION

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-19 as though more fully set forth at length herein.

21. Defendants, by and through their conduct, caused to be viewed a defamatory statement of fact concerning Plaintiff, a public figure acting in reckless disregard for the truth or falsity of said article concerning business interests and it was communicated to a third person, i.e. the Plaintiff's bank representative and potentially countless other viewers.

22. Plaintiff, as a result has been hindered in his professional endeavors and has been subject to embarrassment and ridicule as a result of the actions of the Defendants.

23. Despite Plaintiff's request to remove said article, the Defendants have not removed the article from their website to date.

**WHEREFORE**, Plaintiff, Raffi Sarkis Arslanian Enterprises, Inc., and Raffi Sarkis Arslanian, Individually, demands judgment against the Defendants, Bad Business Bureau and Google, jointly and severally, as follows:

(a) Compensatory damages;

(b) Punitive damages;

(c) Attorney's fees;

(d) Restraints from further publication on the websites;

(e) Cost of suit;

(f) Removal of the article from both websites; and

(g) Such other relief as the Court may deem proper and just under circumstances.

## COUNT FOUR

## LIBEL

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-23 as though more fully set forth at length herein.

25. Defendants, by and through their conduct, caused to be viewed a libelous statement of fact concerning Plaintiff, a public figure acting in reckless disregard for the truth or falsity of said article concerning business interests and it was communicated to a third person, i.e. the Plaintiff's bank representative and potentially countless other viewers.

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

26. Plaintiff, as a result has been hindered in his professional endeavors and has been subject to embarrassment and ridicule as a result of the actions of the Defendants.

27. Despite Plaintiff's request to remove said article, the Defendants have not removed the article from their website to date.

**WHEREFORE**, Plaintiff, Raffi Sarkis Arslanian Enterprises, Inc., and Raffi Sarkis Arslanian, Individually, demands judgment against the Defendants, Bad Business Bureau and Google, jointly and severally, as follows:

(a) Compensatory damages;

(b) Punitive damages;

(c) Attorney's fees;

(d) Restraints from further publication on the websites;

(e) Cost of suit;

(f) Removal of the article from both websites; and

(g) Such other relief as the Court may deem proper and just under circumstances.

STRASSER & ASSOCIATES, P.C.
Attorneys for Plaintiff, RSA Enterprises, Inc., and Raffi Arslanian, Individually.

By: _____
William L. Strasser, Esq.

Dated: April 19, 2007

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION

## DESIGNATION OF TRIAL COUNSEL

Pursuant to New Jersey Court Rules 4:5-1(c), Conrad Olear, Esq. is hereby designated as trial counsel for the Plaintiff, Raffi Sarkis Arslanian Enterprises, Inc., in the above captioned matter.

STRASSER & ASSOCIATES, P.C.<br>
Attorneys for Plaintiff, RSA Enterprises, Inc.

By: _____
    William I. Strasser, Esq.

Dated: April 19, 2007

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to New Jersey Court Rules 4:5-1(b)(2), it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

STRASSER & ASSOCIATES, P.C.
Attorneys for Plaintiff, RSA Enterprises, Inc., and Raffi Arslanian Individually.

By: _____
    William I. Strasser, Esq.

Dated: April 19, 2007

STRASSER &
ASSOCIATES
A PROFESSIONAL CORPORATION